UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BUNTEA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

    Defendant.
_____/

Case No. 05-72399

Honorable Nancy G. Edmunds

**ORDER (1) GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS [83],
AND (2) DENYING DEFENDANT'S MOTION TO EXTEND DISCOVERY AS MOOT**

    Pending before this Court is Defendant State Farm Mutual Automobile Insurance Company's renewed motion to dismiss, filed on March 26, 2007.[1] Plaintiff Anita Buntea's lawsuit arises out of Defendant's alleged failure to provide the full benefits entitled to her under an automobile insurance policy. On December 19, 2006, this Court granted in part and denied in part Defendant's motion to dismiss several of Plaintiff's claims (the "December 2006 Order"). As part of that order, the Court did not dismiss Plaintiff's claim of unlawful trade practices under the Michigan Consumer Protection Act (the "MCPA"), but invited Defendant to file a renewed motion to dismiss that claim depending on the actions

---

[1] On May 1, 2007, Defendant filed a motion to extend discovery, seeking additional time to depose Plaintiff. At oral argument, however, Plaintiff's counsel stated that Defendant deposed her subsequent to filing this request, so the Court views Defendant's motion as moot at the present time.

1

of the Michigan Supreme Court in an applicable state case.[2] The Michigan Supreme Court has since denied leave to appeal in that particular matter, and Defendant now moves to dismiss Plaintiff's MCPA claim in its entirety.

For the reasons set forth below, the Court GRANTS Defendant's renewed motion to dismiss.

**I. Facts**

On September 22, 1995, Plaintiff was involved in an automobile accident that rendered her a quadriplegic. Plaintiff made a claim for first-party benefits under her automobile insurance policy with Defendant, and Defendant has since paid for much of her care. This case concerns costs not covered by Defendant.

Plaintiff alleges that Defendant has failed to pay for, or inform her of its responsibility to pay for, several of her medical expenses. She states that Defendant "had a policy of not paying family members and others commercially reasonable agency market rates for attendant care" and "of not informing its insureds of all benefits available under the insurance policy . . . ." (Compl.[3] ¶¶ 29-30.) Plaintiff does not assert that Defendant has refused to pay for claims that she submitted. Rather, she argues in essence that Defendant understood its obligations to be greater than Plaintiff understood them to be, but

---

[2]The December 2006 Order did limit Plaintiff's MCPA claim to damages incurred prior to March 28, 2001, however. The Court also wishes to note that, in reviewing the record, it discovered that section III.F.2 of the December 2006 Order mistakenly referred to Plaintiff's MCPA claim in relation to the one year back rule of the *UTPA*, when the applicable issue is actually the relation to Michigan *no-fault law*, Mich. Comp. Laws § 500.3145(1).

[3]Any references to the "Complaint" refer to Plaintiff's Second Amended Complaint. (Docket No. 40.)

2

concealed this fact to save money.

Plaintiff states that despite an occupational therapist's recommendation of a full twenty-four hours of attendant care, Defendant paid for only twelve hours of daily care by her mother and grandmother at $5 per hour in 1996, eight hours at $8 per hour beginning in 1998, and six hours at $12 per hour at present. Plaintiff also claims that her family caregivers were entitled to commercially reasonable rates for similar care provided by an outside agency, that she is entitled to housing and educational expenses, and that Defendants concealed these additional policy benefits from Plaintiff.

The sole issue raised in the instant motion is whether the Michigan Court of Appeals' decision in *Grant v. AAA Michigan/Wisconsin, Inc.*, 724 N.W.2d 498 (Mich. Ct. App. 2006) ("*Grant III*"), serves to bar Plaintiff's claim for unpaid no-fault benefits brought under the MCPA. At the time of the December 2006 Order, the Michigan Supreme Court had not yet made a decision on a pending leave to appeal *Grant III*, and this Court was reluctant to grant Defendant's motion given concerns about the reasoning in the *Grant* sequence of lower court opinions. Essentially, this Court was concerned that the Michigan Supreme Court might also reverse *Grant III*, which could substantially change the result in the instant case. On March 21, 2007, however, the Michigan Supreme Court denied leave to appeal *Grant III*, so that case is now controlling under Michigan law.

**II. Standard of Review – Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiff, the Court must assume that Plaintiff's factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express*

*Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted) (emphasis in original).

## III. Analysis

*Grant III* was decided on remand following the Michigan Supreme Court vacating an earlier opinion, *Grant v. AAA Michigan, Wisconsin, Inc.*, 703 N.W.2d 196 (Mich. Ct. App. 2005) ("*Grant I*"), *vacated*, *Grant v. AAA Michigan, Wisconsin, Inc.*, 707 N.W.2d 592 (Mich. 2005) ("*Grant II*"). In *Grant I*, the plaintiff sought relief under the MCPA for conduct similar to that alleged in the present case, i.e., the defendant insurer misrepresented, and failed to disclose, the true scope of the plaintiff's no-fault insurance coverage. The court held that the plaintiff's claim was merely a repackaged claim for no-fault benefits, and because she had exceeded the one-year damages limitation applicable to such claims under the no-fault act, the MCPA could provide no relief:

> Assuming the truth of [her] allegations, plaintiff's relief would be the no-fault benefits of which she was wrongfully deprived. . . . Accordingly, no relief is available to plaintiff because Mich. Comp. L. § 500.3145(1) bars recovery of benefits for any loss incurred more than one year before the filing of a plaintiff's complaint. . . .
>
> All plaintiff's losses were incurred more than one year before she filed her complaint. Accordingly, defendant was entitled to summary disposition despite plaintiff's labeling count VI as an MCPA claim. The claim was nothing more than a claim for no-fault benefits couched in terms of a claim under the MCPA. We will not "[rely] on the superficial language of the

4

complaint while ignoring its substance."

*Grant I*, 703 N.W.2d at 201-02 (quoting *Crown Tech. Park v. D&N Bank, F.S.B.*, 619 N.W.2d 66, 74 (Mich. Ct. App. 2000)).

On appeal in *Grant II*, the Michigan Supreme Court vacated the opinion in *Grant I* "for reconsideration in light of our decision in *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 467, 597 N.W.2d 28 (1999), holding that [the MCPA] permit[s] private actions against an insurer . . . ." *Grant II*, 707 N.W.2d at 592.

On remand, the Michigan Court of Appeals reached the same result on the plaintiff's MCPA claim:

> [E]ven though plaintiff was permitted to raise an MCPA claim under *Smith*, we continue to adhere to our original opinion in *Grant* [*I*],[4] that, "[b]y way of her MCPA claim, plaintiff ultimately seeks additional no-fault benefits to which she believes she is entitled." As we stated in *Grant* [*I*], under the clear terms of plaintiff's complaint, "plaintiff's relief would be the no-fault benefits of which she was [allegedly] wrongfully deprived." All of plaintiff's losses were incurred more than one year before the filing of the complaint, and, therefore, no relief is available to plaintiff in light of MCL 500.3145(1), which clearly and unambiguously states that a claimant may not recover no-fault benefits "for any portion of the loss incurred more than 1 year before the date on which the action was commenced." Defendant was entitled to summary disposition, "despite plaintiff's labeling count VI as an MCPA claim."

*Grant III*, 724 N.W.2d at 502 (quoting *Grant I*, 703 N.W.2d at 201-02) (internal citations omitted).

Now that the Michigan Supreme Court has denied leave to appeal the *Grant III* decision, that case's holding represents controlling Michigan law. It is true, as Plaintiff asserts, that the denial of leave to appeal in and of itself is not precedential. *Tebo v.*

---

[4]To maintain consistency with the shorthand case names in this Order, the Court has substituted its numbering system for that used by the Michigan Court of Appeals.

5

*Havlik*, 343 N.W.2d 181, 192-93 (Mich. 1984) (Levin, J., dissenting). Yet, "[a] decision of a panel of the Court of Appeals is a decision of the [Michigan Supreme] Court. A decision by any panel of the Court of Appeals is, therefore, controlling statewide until contradicted by another panel of the Court of Appeals or reversed or overruled by th[e Michigan Supreme] Court." *Id.* at 185. As a result, Plaintiff must find a way to distinguish the instant facts from those at bar in *Grant III* because that case's holding is binding on this Court sitting in diversity jurisdiction.[5]

Plaintiff first argues that applying the one year back rule of Michigan's no-fault law, Mich. Comp. Laws § 500.3145(1), to her claim under the MCPA would not be "faithful to statutory language" and would disregard the different standards of proof, available damages and statutes of limitations between these two separate laws. (Pl.'s Resp. at 4-5.) As noted above, however, the Michigan Court of Appeals' decision in *Grant III* now represents controlling Michigan law on this issue, and it is not proper for this Court to make its own statutory interpretation on the points that Plaintiff now raises.

Secondly, Plaintiff asserts that, because the MCPA provides for different types of damages than Michigan's no-fault law and the Complaint seeks "all available damages, actual or statutory, under the MCPA," (Pl.'s Resp. at 7) that her MCPA claim is truly different than her no-fault claim. To support this position, Plaintiff notes that MCPA plaintiffs may also claim non-economic damages, such as emotional distress damages, *Avery v. Indus. Mortgage Co.*, 135 F. Supp. 2d 840, 842-43 (W.D. Mich. 2001), and that

---

[5]This is so even in light of this Court's discussion in the December 2006 Order of the perceived flaws in the *Grant III* court's reasoning. Regardless of whether this Court would have decided *Grant III* differently, the fact of the matter is that that opinion represents Michigan law at this point in time.

the MCPA provides for minimum statutory damages of $250 in the alternative to recovering actual damages, as well as attorney fees. Mich. Comp. Laws § 445.911(2).

While Plaintiff is correct that MCPA claims are not limited to purely monetary damages, this Court's review of Plaintiff's Complaint failed to uncover any asserted damages besides the allegedly wrongful act of failing to pay Plaintiff all of the personal protection benefits to which she was entitled. Nowhere in the Complaint does Plaintiff even assert that she has suffered any non-economic damages as a result of Defendant's conduct, so it is irrelevant whether Michigan law would allow her to recover under the MCPA for these amounts.[6]

With regards to the statutory damages of $250 under the MCPA, it is unreasonable for Plaintiff to take the position that her Complaint should have been read to plead this avenue for damages when she requests the much higher amount of at least $75,000 in actual damages under the MCPA. Although Plaintiff appears to argue that she could claim $250 in statutory damages for each instance where Defendant allegedly underpaid her benefits, such that $250 multiplied by the number of instances of underpayment over many years would be more than $75,000, she cites no authority interpreting the MCPA's statutory damages provision in this manner.

Neither is the fact that the MCPA allows recovery for attorney fees an adequate reason to maintain Plaintiff's claim under this particular statute, because Michigan's no-fault law also provides for an award of attorney fees to a prevailing party. Mich. Comp. Laws § 500.3148. Thus, even if the Court were convinced that it would be appropriate to allow

---

[6]Nor is the Court willing to grant leave for Plaintiff to amend her Complaint for a third time, given the stage of the case.

a statutory claim based solely upon the fact that a particular remedy was only available under that statute, Plaintiff's argument is inapplicable here because the no-fault law would also entitle her to an award of attorney fees.

Finally, Plaintiff cites to two other decisions from the Eastern District of Michigan where the presiding judge refused to dismiss the plaintiffs' MCPA claims even in light of *Grant III*. *Van Emon v. State Farm Mut. Auto. Ins. Co.*, No. 05-72638, 2007 WL 275882 at *6-7 (E.D. Mich. Jan. 26, 2007) (Steeh, J.); *Basirico v. State Farm Mut. Auto. Ins. Co.*, No. 05-74691 (E.D. Mich. Dec. 5, 2006) (Steeh, J.). In each of those cases, however, one of the main reasons that Judge Steeh refused to bar all of the plaintiffs' claims as a result of the one year back rule is that the plaintiffs sought damages under a number of different theories, including "silent fraud, misrepresentation, negligence, or violations of the UTPA as actionable under the MCPA . . . ." *Van Emon*, 2007 WL 275882 at *7.[7] Furthermore, he explicitly noted that the one year back rule barred any claims for unpaid no-fault benefits, so the sole reason to allow the *Van Emon* and *Basirico* plaintiffs' claims to proceed was because they raised viable alternative theories for recovery of other types of damages.

In the instant case, however, this Court's December 2006 Order dismissed all of Plaintiff's claims under such non-contractual legal theories, and her only asserted damages in the Complaint arise under no-fault law for failure to pay personal protection benefits. Thus, Plaintiff's case is distinguishable from Judge Steeh's decisions in *Van Emon* and

---

[7]In *Basirico*, Judge Steeh noted that the plaintiff also raised viable claims of "silent fraud, fraud/misrepresentation, negligence, intentional infliction of emotional distress, [and] violations of the UTPA as actionable under the MCPA." No. 05-74691 at 12.

8

*Basirico*, so *Grant III*'s holding still applies to her MCPA claim here regardless of the different results in those cases.

Accordingly, Plaintiff has failed to distinguish the Michigan Court of Appeals' holding in *Grant III* from the instant case, and the Court finds that result to be controlling here. Therefore, the one year back rule of Michigan's no-fault law also applies to Plaintiff's MCPA claim because this is merely a claim for no-fault damages disguised as an unfair trade practices claim under the MCPA. Since the one year back rule bars any no-fault claims prior to December 4, 2004, and this Court's December 2006 Order limited any of Plaintiff's damages under the MCPA to a time period that ended on March 28, 2001, there is no period for which she is eligible for damages under the MCPA. Thus, her MCPA claim must be dismissed as a matter of law.

**IV. Conclusion**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Defendant's renewed motion to dismiss Plaintiff's MCPA claim is GRANTED. As a result of this Order, Plaintiff's remaining claim is for breach of contract damages occurring after July 1, 2004. Defendant's motion to extend discovery is DENIED AS MOOT.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager