UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA BUNTEA,

    Plaintiff(s),

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant(s).
_____/

Case No. 05-72399

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [92]**

Pending before this Court is Defendant State Farm Mutual Automobile Insurance Company's motion for summary judgment, filed on June 1, 2007. Plaintiff Anita Buntea's lawsuit arises out of Defendant's alleged failure to provide the full benefits entitled to her under an automobile insurance policy. On December 19, 2006 and May 22, 2007, this Court granted two of Defendant's partial motions to dismiss, leaving a breach of contract claim under Michigan no-fault law as Plaintiff's sole cause of action in this case. Now, Defendant moves for summary judgment on the grounds that Plaintiff has failed to establish, as a matter of law, that she is entitled to the requested benefits for attendant care services and room-and-board-related expenses.

Before addressing the merits of the instant motion, the Court wishes to correct an error in prior orders in this case regarding the dates for which Plaintiff is entitled to damages under her breach of contract claim. Under Michigan no-fault law, she is not entitled to damages more than one year prior to the complaint. Mich. Comp. Laws §

500.3145. Prior orders of this Court erroneously listed the date of Plaintiff's original Complaint as July 1, 2005, when it was actually filed June 17, 2005. Accordingly, Plaintiff may recover damages for the period after June 17, 2004.

For the reasons set forth below, the Court DENIES Defendant's motion for summary judgment.

**I. Facts**

On September 22, 1995, Plaintiff was involved in an automobile accident that rendered her a quadriplegic. Plaintiff made a claim for first-party benefits under her automobile insurance policy with Defendant, and Defendant has since paid for much of her care. This case concerns costs not covered by Defendant.

Plaintiff alleges that Defendant has failed to pay for, or inform her of its responsibility to pay for, several of her medical expenses. She states that Defendant "had a policy of not paying family members and others commercially reasonable agency market rates for attendant care" and "of not informing its insureds of all benefits available under the insurance policy . . . ." (Compl.[1] ¶¶ 29-30.) Plaintiff does not assert that Defendant has refused to pay for claims that she submitted. Rather, she argues in essence that Defendant understood its obligations to be greater than Plaintiff understood them to be, but concealed this fact to save money.

Plaintiff states that despite an occupational therapist's recommendation of a full twenty-four hours of attendant care, Defendant paid for only twelve hours of daily care by her mother and grandmother at $5 per hour in 1996, eight hours at $8 per hour beginning

---

[1] Any references to the "Complaint" refer to Plaintiff's Second Amended Complaint. (Docket No. 40.)

2

in 1998, and six hours at $12 per hour at present.  Plaintiff also claims that her family caregivers were entitled to commercially reasonable rates for similar care provided by an outside agency, that she is entitled to other expenses, including certain room and board items, and that Defendant concealed these additional policy benefits from Plaintiff.

**II. Standard of Review – Motion for Summary Judgment**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The mere existence of a scintilla of evidence in support of the non-moving party's position

will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

**III. Analysis**

Defendant's motion asserts that Plaintiff has not shown that she is entitled to the requested benefits listed in her Complaint for (1) attendant care services, and (2) room and board expenses. The Court will address each of these damage categories in turn following a discussion of Defendant's claim that the affirmative defense of accord and satisfaction applies to bar any recovery by Plaintiff in this case.

**A. Defendant Waived the Affirmative Defense of Accord and Satisfaction**

Under Fed. R. Civ. P. 8(c), "accord and satisfaction . . . and any other matter constituting an . . . affirmative defense," must be raised in the party's answer to any pleading. "It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case . . . ." 5 Wright & Miller, *Federal Practice and Procedure* § 1278 (3rd ed. 2004). Although there are exceptions to that general rule, Defendant's motion for summary judgment does not raise any, and it did not file a reply to Plaintiff's response brief. In addition, the Court is not aware of any that apply in this case. On the other hand, the Sixth Circuit has held that an affirmative defense of accord and satisfaction was waived in a case involving a similar set of circumstances to the one at bar. *Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990). There, "the defendants waited almost a year before filing their answer and almost nineteen months before raising the issue of accord and satisfaction in their motion for summary judgment." *Id.* Finding that this would result in unfair prejudice to the plaintiff, the court held that the

defendants waived this defense. In the instant case, Defendant's answers to the original Complaint, filed on July 12, 2005, and Plaintiff's Amended Complaint, filed on September 18, 2006, did not mention accord and satisfaction. As in *Macurdy*, the first time Defendant raised this affirmative defense was in the instant motion for summary judgment, which was filed nearly two years after Plaintiff's original Complaint, ten months after the Amended Complaint, and after no fewer than three other motions by Defendant to dismiss certain of Plaintiff's claims in this matter. On this factual record, the Court concludes that Defendant waived the defense of accord and satisfaction by waiting so long to raise it, and without providing any exception or excuse to mitigate the prejudice imposed on Plaintiff by this delay.

Even if this defense were not waived, Defendant has failed to meet one of the requirements for a valid accord and satisfaction–specifically, that it tendered money in full satisfaction of the claim. *Nationwide Mut. Ins. Co. v. Quality Builders, Inc.*, 482 N.W.2d 474, 477 (Mich. Ct. App. 1992). Defendant admits that its form used for attendant care benefit payments contains the wording "This rate is based on a market survey of your area. If you do not agree with this amount or have additional information for us to consider, please call us as soon as possible." (Def.'s Mot., Ex. 6.) First of all, such language indicates that this may not be a final payment, as Plaintiff is instructed to contact Defendant to resolve any issues. Secondly, Defendant has not identified any verbiage that would have put Plaintiff on notice that this was to be taken in full satisfaction of any claims she had against it. *See Fuller v. Integrated Metal Tech., Inc.*, 397 N.W.2d 846, 849 (Mich. Ct. App. 1986) ("the tender must be accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim."). Thus,

5

Defendant has failed to meet at least one of the substantive elements for a valid affirmative defense of accord and satisfaction, so this argument would fail even if the Court had not determined that waiver applied in this case.

### B. Attendant Care Services

Plaintiff's Complaint alleges that Defendant's benefit payments for attendant care services were deficient on two grounds (1) Defendant failed to pay for the 24-hour care that Plaintiff's injuries require, and (2) Defendant's payments were not made at a commercially-reasonable agency rate for similar services. Defendant contends that Plaintiff has not provided sufficient evidence to support her claim that she requires round-the-clock care, and that she has not identified overhead expenses of her caregivers that would warrant paying the higher commercial agency rates.

#### 1. Plaintiff has produced evidence that she requires 24-hour care

Currently, Defendant pays for six hours of attendant care per day for Plaintiff, but she claims that Defendant has failed to cover additional hours that her condition demands. For its part, Defendant claims that Plaintiff has not shown that she has actually "incurred" expenses for care beyond six hours per day, which it advances is a requirement for reimbursement under Michigan no-fault law. The relevant statutory provision states: "personal protection insurance benefits are payable for the following: (a) Allowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. . . ." Mich. Comp. Laws § 500.3107(1)(a) (emphasis added). Defendant argues that this requires Plaintiff to actually "suffer or bring on oneself (a liability or expense)" in order for Defendant to be liable for additional benefit payments. *Black's Law Dictionary* 771 (7th ed.

6

1999); *Bombalski v. Auto Club Ins. Ass'n*, 637 N.W.2d 251, 254 (Mich. Ct. App. 2001) (quoting Black's Law Dictionary's definition of "incur").

In support of its position, Defendant first cites *Proudfoot v. State Farm Mut. Ins. Co.*, 673 N.W.2d 739 (Mich. 2003). There, the Michigan Supreme Court reversed part of a lower court judgment that ordered the defendant to immediately pay the entire amount of the plaintiff's future home modification expenses even though work had not begun on those modifications. Rather, the court held that the defendant did not need to reimburse plaintiff until she had actually become liable for the cost of the work because, until that future time, she had not incurred such expenses for purposes of Mich. Comp. Laws § 500.3107(1)(a). *Id.* at 743-44. Still, the court allowed the amount of the plaintiff's award in that case to stand, as there was sufficient evidence to support the jury's finding of what a reasonable cost would be for the necessary modifications.

Defendant reads too much from *Proudfoot*, however, when it seeks to extend that case's holding to support its argument that Plaintiff is not entitled to bring her claim for benefits to a jury at all because she has not actually signed a contract for full-time attendant care, or made out-of-pocket payments for such care. Refuting Defendant's position is the *Proudfoot* court's statement that "[a] trial court may enter 'a declaratory judgment determining that an expense is both necessary and allowable and the amount that will be allowed[, but s]uch a declaration does not oblige a no-fault insurer to pay for an expense until it is actually incurred.'" *Id.* at 743 (quoting *Manley v. Detroit Auto. Inter-Ins. Exch.*, 388 N.W. 2d 216, 223 (Mich. 1986)). Thus, *Proudfoot* confirms that (1) whether an insurance company is liable for an amount, and (2) when they must pay that amount, are separate and distinct inquiries. Plaintiff here is not making any different request than the plaintiff in

*Proudfoot*–she simply seeks to have a jury determine the amount of any expense to which she is entitled under Michigan no-fault law. The Court sees nothing in that case to compel granting summary judgment in Defendant's favor on this ground here.

Next, Defendant cites *Moghis v. Citizens Ins. Co. of Am.*, 466 N.W.2d 290 (Mich. Ct. App. 1990), where the Michigan Court of Appeals held that the trial court should have granted the defendant's post-trial motion for judgment notwithstanding the verdict and reduced the plaintiff's award by $280,000 for failure to show evidence that he had incurred past care from an aide in that amount. Beyond the obvious distinction that the instant case is at a different procedural posture than *Moghis* was, other cases have distinguished that case's holding in situations where the plaintiff was able to produce *some* evidence of the claimed care that a jury could rely upon in reaching its verdict.[2] *See, e.g., Burris v. Allstate Ins. Co.*, No. 261505, 2006 WL 2708599 at *2 (Mich. Ct. App. Sept. 21, 2006) (distinguishing *Moghis*). Furthermore, nothing in Michigan law requires a plaintiff to have hard documentary evidence of care, as personal testimony of care provided by family and friends is sufficient evidence upon which a jury could find that the plaintiff incurred those expenses. *Booth v. Auto-Owners Ins. Co.*, 569 N.W.2d 903, 905 (Mich. Ct. App. 1997); *Burris*, 2006 WL 2708599 at *2. Finally, under Michigan law, the question of whether no-fault expenses have been incurred is typically a question of fact for the jury, *Nasser v. Auto Club Ins. Ass'n*, 457 N.W.2d 637, 647 (Mich. 1990), so this also supports denying Defendant's motion.

---

[2] *Schaible v. Michigan Mut. Ins. Co.*, 321 N.W.2d 860 (Mich. Ct. App. 1982) is also distinguishable for the same reason.

For her part, Plaintiff has raised sufficient evidence to support her claims on this ground. Her deposition testimony indicates that she currently receives care from her "mom, my brothers, my friends, my fathers (sic),"[3] (Buntea Dep., Pl.'s Resp., Ex. A at 14) and at least Plaintiff's mother and a friend have confirmed that they provide assistance to her as well (Jackson Dep., Pl.'s Resp. Ex. B at 21; Sienkiewicz Dep., Pl.'s Resp., Ex. F at 12.) As to the hours of attendant care that Plaintiff requires, one physician has indicated that she needs twelve hours per day, (Pl.'s Resp., Ex. H) and an occupational therapist opined that she should receive 24-hour care until certain modifications are made to her residence. (Pl.'s Resp., Ex. I at 5.) Thus, Plaintiff has raised specific evidence that is sufficient to reach the jury on the question of whether she is entitled to more than the six hours of daily care that Defendant is currently paying for.

**2. The reasonable reimbursement rate for attendant care that Plaintiff is entitled to is a question of fact to be resolved by the jury**

Defendant next asserts that Plaintiff may not claim that she is entitled to reimbursement rates for attendant care at a similar level to what commercial agencies are paid because Plaintiff has not demonstrated that her caregivers can justify the additional overhead expenses of operating a commercial agency. Yet, Defendant does not cite a single case holding, as a matter of law, that individuals who provide care are limited to receiving a lower rate than in situations where an agency supplies the service. In reviewing Defendant's brief on this issue, it identifies a number of potentially attractive reasons for why Plaintiff's caregivers should not be entitled to commercial rates, but these must be left

---

[3]Plaintiff is referring to her biological father and a stepfather. (Buntea Dep., Pl.'s Resp., Ex. A at 14.)

for trial to be evaluated by the finder of fact. Thus, Defendant is also not entitled to summary judgment on this issue.

### C. Plaintiff's Claim for Room and Board Expenses

For its last argument, Defendant asserts that Plaintiff is unable to maintain a claim for unpaid room and board benefits because none of these are related to needs that arose out of her automobile accident. Plaintiff appeals to the reasoning of *Griffith v. State Farm Mutual Automobile Insurance Co.*, 697 N.W.2d 896, 903 (Mich. 2005), where the Michigan Supreme Court held that the plaintiff could not recover the cost of his food under no-fault law because there was no evidence that he had any dietary restrictions as a result of the subject accident, or that special food was necessary for his rehabilitation. Defendant claims that it already "expended more than $103,000.00 to modify Plaintiff's parents' home to make it handicap accessible and increase her independence," (Def.'s Mot. at 19) and that Plaintiff now seeks to have Defendant pay for modifications to a home that Plaintiff's parents purchased for her, which "are the normal and ordinary needs and expenses which existed both before and after Plaintiff's accident (simply a women (sic) in her twenties moving out of her parents' home) and are not reimbursable expenses pursuant to [Michigan no-fault law]." (Def.'s Mot. at 21.)

In response, Plaintiff notes that Defendant previously offered to purchase and modify a separate house for her to live in outside of her parents' home, but that the offer "incorporated unreasonable conditions," so Plaintiff rejected the offer. (Pl.'s Resp. at 12-13.) In arguing that she is entitled to additional reimbursement for modifications to her current home, Plaintiff notes that some of the specific items that her condition requires are "a handicap accessible table, . . . kitchen, and additional accessible entrances/exits to the

home," as well as "a modified shower." (Pl.'s Resp. at 13, 15.) Plaintiff would also apparently limit *Griffith* to its facts by only applying its holding to other situations involving claims for food expense reimbursement.

First of all, the Court disagrees with Plaintiff that *Griffith* does not apply in the context of room and board expenses. *See Peabody v. State Farm Mut. Auto. Ins. Co.*, No. 04-73787, 2006 WL 54426 at *3 (E.D. Mich. Jan. 10, 2006) (applying *Griffith's* reasoning to a plaintiff's claim for room and board expenses). Regardless, a review of the parties' pleadings on this issue discloses that, as with the question of what is a reasonable reimbursement rate for attendant care services, there is a dispute regarding material facts that precludes summary judgment on Plaintiff's reasonable room and board expenses as well. Accordingly, Defendant is not entitled to summary judgment on this aspect of Plaintiff's damages claim.

## IV. Conclusion

For the reasons stated above, Defendant's motion for summary judgment is DENIED.


   s/Nancy G. Edmunds
   Nancy G. Edmunds
   United States District Judge

Dated: November 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2007, by electronic and/or ordinary mail.

   s/Carol A. Hemeyer
   Case Manager